IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re: | ) BK. NO. 06-00898 |
| | ) (Chapter 7) |
| JAMES WILLIAM LULL, | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| RONALD K. KOTOSHIRODO, | ) ADV. NO. 10-90084 |
| CHAPTER 7 TRUSTEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WILLIAM F. BRENNAN, | ) |
| | ) |
| Defendant. | ) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

This is an adversary proceeding in bankruptcy, in which Plaintiff, the trustee in bankruptcy, seeks to recover avoidable preferential transfers. Rule 7001(1), Fed. R. Bankr. P.[1] The complaint (dkt. no. 1) alleges that Debtor James William

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Lull made preferential transfers to Defendant William F. Brennan of $371,500 and a mineral collection.

Before the Court are the parties' cross-motions for summary judgment. The only unresolved issue concerning the preferential transfers is whether Defendant is an 'insider' of Debtor. If Defendant is an 'insider,' Plaintiff can recover preferential transfers made between 90 days and one year before the filing of Debtor's petition in bankruptcy. § 547(b)(4)(B). Most preferential transfers are avoidable if they were made within 90 days of the filing of the petition in bankruptcy. § 547(b)(4)(A). Since the transfers that are the subject of this adversary proceeding were made outside of the 90 day reach-back period, but within one year before the filing of Debtor's petition in bankruptcy, Plaintiff can only prevail by establishing that Defendant was an 'insider' of Debtor.

Debtor was the operator of a Ponzi scheme involving real estate loans and mortgages on Hawai'i real property. The result was millions of dollars of losses by persons who trusted Debtor. He agreed to plead guilty to a charge of wire fraud in the United States District Court for the District of Hawai'i, <u>United States v. James Lull</u>, # CR 08-00564. While awaiting sentencing, Debtor died, possibly by his own hand. Plaintiff does not allege, and no evidence suggests, that Defendant had any knowing participation in Debtor's wrongdoing.

U.S. Bankruptcy Court - Hawaii #10-90084 Dkt # 65 Filed 04/26/11 Page 2 of 9

Plaintiff's motion for summary judgment was first heard on January 20, 2011. At that hearing, the motion was granted as to all elements of avoidable preferences, except the questions on whether Defendant was an 'insider', as that term is defined in § 101(31).

The 'insider' issue was heard on March 17, 2011. Michael A. Lilly, Esq., of Ning, Lilly & Jones, appeared for Plaintiff. Steven Guttman, Esq., of Kessner, Umebayashi, Bain & Matsunaga, appeared for Defendant.

Upon consideration of the written and oral arguments presented, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On December 8, 2006, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. Plaintiff was appointed trustee in bankruptcy in Debtor's case on December 8, 2011.

3. Defendant and his wife, Judith Brennan, filed a proof of claim on March 27, 2007, in the amount of $410,724.39, based on loans to Debtor.

4. During the year preceding the filing of Debtor's bankruptcy petition, Debtor made the following transfers to or for the benefit of the Defendant, which payments are in the total sum of $371,500:

On or about January 11, 2006          $200,000

U.S. Bankruptcy Court - Hawaii    #10-90084    Dkt # 65    Filed 04/26/11    Page 3 of 9

| | |
|---|---|
| On or about February 17, 2006 | $12,000 |
| On or about March 17, 2006 | $49,500 |
| On or about March 24, 2006 | $60,000 |
| On or about April 21, 2006 | $50,000 |

5. Within the year preceding the filing of Debtor's bankruptcy petition, Debtor also transferred to Defendant a mineral collection.

6. At the time of the preferential transfers to Defendant, Debtor was an officer, director, and 50% owner of Kauai Lease and Loan, Inc. ("KLL, Inc.").

7. KLL, Inc. was the managing member and owner of more than 20% of a Hawaii limited liability company, Kapaa 382 LLC ("K382 LLC").

8. On May 2, 2000, Defendant and his wife, Judith Brennan, entered into a Subscription Agreement (dkt. no. 59, Ex. A) by which they purchased 15 membership interests in K382 LLC. Each spouse owned a 12 ½ % interest, so those 15 membership interests represented 25% of the voting securities of K382 LLC.

9. The Subscription Agreement does not on its face delineate the nature of the Brennans' ownership of their interests in K382 LLC. However, The Brennans' equity membership interests in K382 LLC were converted to a secured loan by an agreement dated August 30, 2006. (dkt. no. 60, Ex. 1). That agreement, signed by Defendant and his wife, states, "WHEREAS, William F. Brennan and

4

U.S. Bankruptcy Court - Hawaii #10-90084 Dkt # 65 Filed 04/26/11 Page 4 of 9

Judith E. Brennan are Class B members of Kapaa 382 and presently jointly own fifteen (15) Class B shares in Kapaa 382 ... ."

10. On January 28, 2011, this Court entered an order granting, in part, Plaintiff's motion for partial summary judgment. (dkt. no. 43). That order determines, as 'uncontested', that Plaintiff has established all elements of an avoidable preference, pursuant to § 547(b), except the requirement of sub-section (b)(4)(B), that Defendant was an 'insider'. The 'insider' issue is the subject of these Findings of Fact and Conclusions of Law.

11. On May 4, 2010, Plaintiff made demand upon Defendant for payment to Plaintiff of the preferential money transfers and for the surrender to Plaintiff of the mineral collection. Defendant, who has denied any liability to Plaintiff, did not comply with Plaintiff's demand.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(F). Venue is proper.

2. In order to determine whether Defendant was an 'insider' of Debtor when the preferential transfers were made, it is necessary to apply the relevant facts to the terms 'affiliate' and 'insider', as those terms are defined in the Code. (See §§ 101(2) – 'affiliate'; and 101(31) – 'insider').

5

3. KLL, Inc., and K382 LLC are links in the 'insider' chain connecting Debtor and Defendant. This analysis does not concern or track the preferential transfers, which went directly from Debtor to Defendant. The analysis relates only to deciding if Defendant was an 'insider' of Debtor.

4. Plaintiff is attempting to prove that Defendant is a *per se* or statutory 'insider'. The statutory definition of 'insider' is not exclusive, but Plaintiff does not argue that Defendant is a non-statutory 'insider'.

5. The 'insider' chain connecting Debtor to Defendant starts with Debtor, then moves to KLL, Inc., to K382 LLC, and, finally, to Defendant.

6. <u>DEBTOR JAMES WILLIAM LULL</u>    Debtor was an individual. The term 'individual' is not defined in the Code, but is included in the scope of some other terms that are defined, such as 'person'. §101(41).

7. <u>KLL, INC.</u>    KLL, Inc., was an 'insider' of Debtor. KLL, Inc., is a corporation of which Debtor, an individual, was a director, officer, and 50% shareholder. § 101(31)(A)(iv).

8. Because of Debtor's 50% ownership of the shares of KLL, Inc., that corporation is also an 'affiliate' of Debtor. Pursuant to § 101(2)(B), the term 'affiliate' includes a "corporation, 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor ... ."

6

9. Pursuant to § 101(31)(E), the term 'insider' includes "an affiliate, or insider of an affiliate as if such affiliate were the debtor." Therefore, for purposes of determining if Defendant is an 'insider' of Debtor, Debtor's affiliate, KLL, Inc. is treated as if it were the debtor.

10. K382 LLC  K382 LLC is an affiliate of Debtor. Pursuant to § 101(2)(B), the term 'affiliate' includes a "corporation, 20 percent or more of whose outstanding voting securities are *directly or indirectly* owned, controlled, or held with the power to vote, by the debtor . . . ." (emphasis added). In this matter, although Debtor did not directly own shares of K382 LLC, Debtor had indirect control over K382 LLC through Debtor's 50% interest in KLL, Inc. See In re Reichmann Petroleum Corp. 364 B.R. 916, 920 (Bankr. E.D. Tex. 2007), for an extended discussion of the statutory term 'affiliate', in the context of competing venue motions.

11. DEFENDANT WILLIAM F. BRENNAN  Defendant was an 'affiliate' of Debtor. Treating Debtor's affiliate K382 LLC as Debtor under §101(31)(E), Defendant is an 'affiliate' of K382 LLC/Debtor, because Defendant owned more than 20% of K382 LLC. Under §101(2)(A), 'affiliate' includes an entity that directly or indirectly owns, controls or holds with the power to vote, 20 percent or more of the outstanding voting securities of the debtor ... ." In the Bankruptcy Code, the term 'entity' includes a 'person', such as Defendant.

7

(§ 101(15)). Also, the K382 LLC Subscription Agreement provides that, "All Members shall be entitled to vote on any matter submitted to a vote of the Members." (dkt. no. 25, Ex. C, p.11).

12. Defendant argues that he owned only 12 ½ % of K382 LLC, so he was not an affiliate of that entity. However, in the absence of better or contrary proof, the Conversion Agreement, signed by both Defendant and his wife, shows that they were joint owners of the membership interests of K382 at the time of the preferences. Joint ownership means that Defendant had direct or indirect ownership or control of 25% of the membership interests. It is unnecessary to attempt to define the precise form of ownership, such as joint tenants, tenants in common, or tenants by the entireties.

13. Because of Defendant's direct or indirect ownership or control of 25%, it was not necessary for Plaintiff to join Defendant's wife, Judith Brennan, as a party defendant. Defendant, alone, is within the definitions of 'affiliate' in § 101(2)(A) and 'insider' in § 101(31)(E).

14. Finally, since Defendant was an affiliate of Debtor/K382 LLC, Defendant is an 'insider' of Debtor, because an 'affiliate' of a debtor is also an 'insider' of the debtor. § 101(31)(E).

15. Since Defendant was an 'insider' of Debtor, Plaintiff is entitled to use the extended reach-back period (between ninety days and one year before the date of the filing of Debtor's bankruptcy petition) of § 547(b)(4)(B).

16. Therefore, Plaintiff has established all elements of avoidable preferential transfers, and is entitled to judgment against Defendant.

17. The 'affiliate/insider' analysis is complex, but necessarily so. The use of multiple entities to conceal or to insulate transactions does not require great skill or imagination. If a trustee in bankruptcy is to be able to attack preferential dealings between debtors and insiders, the trustee should not be defeated by the use of intervening entities between them.

Judgment will be entered in favor of Plaintiff and against Defendant for the sum of $371,500, plus appropriate pre-judgment and post-judgment interest and for the recovery from Defendant of the subject mineral collection.

Dated: Honolulu, Hawaii, APR 2 6 2011.

Lloyd King
United States Bankruptcy Judge